UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON GREEN,

        Plaintiff,                        Case No. 1:21-cv-278

v.                                               Hon. Hala Y. Jarbou

VITAL CARE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated at the Kent County Correctional Facility, Kent County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Vital Care, Deputy Sergeant Unknown Boelens, the Kent County Correctional Facility, Field

Training Officer (FTO) Unknown M-Curits, Community Mental Health (CMH), and Deputy Unknown Patton.

Plaintiff alleges that he was "booked in" to the Kent County Correctional Facility on February 12, 2021, and immediately informed an employee of Defendant Vital Care that he needed his medications for blood pressure and stress. (ECF No. 1, PageID.3.) Plaintiff stated that he was on "depako, cataprize, litheim, and resperdall." (*Id.*) Plaintiff contends that if he does not get his medications, he becomes emotionally volatile and is at risk of having a heart attack. Plaintiff's wife called the facility a few times a week to check on Plaintiff. A RN told Plaintiff that he had to have money in his account to pay for medication. Plaintiff asserts that he did have money in his account, but he still did not receive his medication.

On March 9, 2021, Plaintiff asked Defendant Patton for a grievance form, but Defendant Patton denied his request. On March 17, 2021, Plaintiff asked Defendant M-Curits to look into the reason he had not received his medications or to contact the med lady for Plaintiff. Defendant M-Curits refused. On March 22, 2021, Defendant M-Curits called Plaintiff "big dummy." On March 23, 2021, Plaintiff again asked for a grievance and to see the sergeant, but his request was denied.

In Plaintiff's supplemental pleading (ECF No. 5), he alleges that on April 15, 2021, Deputy Peters, who is not named as a Defendant, told Plaintiff that one of the RNs had his medications, but that they were not going to bring them to Plaintiff for some reason. Plaintiff asked for a grievance, but Peters refused. Plaintiff states that on April 19, 2021, Corrections Officer Wheeler, who is not a Defendant in this case, told him to write a grievance on a kite. Plaintiff asked to see a Sergeant, but was told "no."

Plaintiff claims that he was denied his medications for forty days. Plaintiff seeks damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.   Community Mental Health

Plaintiff may not maintain a § 1983 action against Defendant Community Mental Health. Michigan community mental health agencies or organizations are created and authorized by the Michigan Department of Health and Human Services pursuant to MCL 330.1205 of the Michigan Public Health Code. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A number of courts in the Sixth Circuit have specifically held that departments of the State of Michigan are absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (MDOC); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013) (MDOC); *Sauvola v. Mich. Dep't of Corr., et al.,* No. 2:20-cv-198, 2021 WL 346245, at *3 (W.D. Mich. Feb. 2, 2021) (MDOC and Mich. Dep't of Health and Human Servs.); *Harnden v. Michigan Dep't of Hum. & Health Servs.*, No. 16-cv-13906, 2017 WL 3224969, at *2 (E.D. Mich. July 31, 2017), *aff'd,* No. 17-2022, 2018 WL 1956011 (6th Cir. Mar. 5, 2018) (Mich. Dep't of Health and Human Servs.).

4

In addition, the State of Michigan (acting through the Michigan Department of Health and Human Services and a local community mental health agency) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses Defendant Community Mental Health.

### IV.  Kent County Correctional Facility

Plaintiff sues the Kent County Correctional Facility. The correctional facility is a building, not an entity capable of being sued in its own right. *See, e.g., Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir.2002) (holding that county jail is not a legal entity susceptible to suit); *Hughson v. County of Antrim,* 707 F. Supp. 304, 306 (W.D. Mich.1988) (concluding that county sheriff's department and county prosecutor's office are not legal entities capable of being sued); *Brady v. Ingham Cnty. Corr. Facility*, No. 1:08-CV-839, 2008 WL 4739082, at *2 (W.D. Mich. Oct. 28, 2008) (Ingham County Correctional Facility is not a legal entity capable of being sued); *Bernard v. Brinkman,* No. 1:07-cv-459, 2007 WL 2302354, at *3 (W.D. Mich. Aug.8, 2007) (Kent County Correctional Facility, Kent County Sheriff's Department and Kent County Prosecutor's Office are not legal entities capable of being sued).

### V.  Vital Care

Plaintiff's claim against Defendant Vital Care is properly dismissed because a medical corporation cannot be liable for an individual Defendant's actions based upon a theory of respondeat superior or vicarious liability. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged

5

injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that, like a municipal corporation, a medical corporation's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff has failed to plead any facts showing that his treatment was the result of a policy or custom on the part of Vital Care. Thus, because Vital Care is not liable under a theory of respondeat superior for an individual Defendant's alleged deliberate indifference to Plaintiff's medical needs, Defendant Vital Care is properly dismissed.

## VI. Defendant Boelens

Plaintiff makes no allegations against Defendant Boelens. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez*

*v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendant Boelens in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### VII.   Defendants M-Curits and Patton

Plaintiff claims that he was deprived of needed prescription medications but fails to name any individuals with direct responsibility for prescribing and distributing medications. Instead, Plaintiff names Defendants M-Curits and Patton, who are employed as custody officials. Plaintiff alleges that on March 9, 2021, Defendant Patton denied his request for a grievance form. In addition, Plaintiff alleges that Defendant M-Curits refused to investigate Plaintiff's medications or to contact the medication lady on March 17, 2021, and called him a "big dummy" on March 22, 2021. Plaintiff fails to allege any other facts showing that Defendants Patton or M-Curits were involved in a decision to deny him his medications.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective

7

component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or

with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

In this case, Plaintiff fails to allege facts showing that Defendants M-Curits and Patton were aware of a substantial risk of serious harm to Plaintiff, or that they disregarded that risk. According to the complaint, Defendants M-Curits and Patton were not involved with prisoner health care and do not appear to have any special knowledge of Plaintiff's medical condition. Because Plaintiff fails to allege facts showing that Defendants M-Curits and Patton acted with deliberate indifference, his Eighth Amendment claims against them are properly dismissed.

In addition, as noted above, a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575–76; *Greene*, 310 F.3d at 899. In addition, a plaintiff must show that a defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Administrative or custody officials who have no training or authority to supervise healthcare officials cannot be held liable for those officials' inadequate care. *See Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) ("[I]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *see also*

9

*Newberry v. Melton*, 726 F. App'x 290, 296–97 (6th Cir. 2018) (same); *Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) (same); *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *21–22 (E.D. Ky. June 9, 2006) (holding that prison administrative officials were not liable for overseeing and second-guessing care given by medical officials) (citing *Birrell*, 867 F.2d at 959).

Plaintiff fails to allege any facts showing that Defendants M-Curits and Patton, as custody officials, had the authority to contravene or second-guess decisions by healthcare officials or that they encouraged or condoned inadequate treatment by healthcare officials, or authorized, approved or knowingly acquiesced in the conduct. Indeed, he fails to allege any facts at all about their conduct beyond a claim that he complained to them that healthcare officials had denied him certain medications that he believed he needed. Plaintiff's allegations are insufficient to demonstrate that Defendants were personally involved in the alleged inadequacy of his medical treatment. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's § 1983 action against Defendants M-Curits and Patton is premised on nothing more than respondeat superior liability, his action fails to state a claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S.

438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: May 13, 2021               /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  UNITED STATES DISTRICT JUDGE